914 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo J. BROWN, a/k/a "RICO", Defendant-Appellant.
 No. 89-5691.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1990.
Decided Aug. 8, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CR-88-364-R)
 Robert Bacon Scarlett, Heneson & Scarlett, Baltimore, Md., for appellant.
 William Kenneth Meyer, Assistant United States Attorney, Baltimore, Md., (Argued), for Appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The appellant, Alfred J. Brown, was indicted on two counts of bank robbery and two counts of bank larceny following the robbery of two banks in Maryland. Pursuant to an agreement with the government, the appellant pleaded guilty to one count of bank robbery, a violation of 18 U.S.C. Sec. 2113(a). Thereafter, the appellant was sentenced as a career offender, as defined by the Federal Sentencing Guidelines, to 168 months imprisonment and five years supervised release. The appellant was further ordered to make restitution in the amount of $3,396.00. This appeal followed. We affirm.
 
 
 2
 The appellant alleges error in the district court's interpretation and application of the plea agreement. This agreement, the appellant contends, did not require the district court to sentence him as a career offender. Alternatively, the appellant argues that if, under the guidelines, he was properly classified as a career offender, it was error for the court not to inform him about the effect such a classification would have on his sentence prior to accepting his plea of guilty.
 
 
 3
 The plea agreement between the parties contained a comprehensive statement of the facts concerning the robbery to which the appellant pleaded guilty, as well as a stipulation about the application of the sentencing guidelines. In addition, the agreement provided:
 
 
 4
 5.(d) Your client understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. Specifically, Mr. Brown understands that the stipulation as to the applicable offense level set forth above may become inoperable if he is determined to be a career offender under the sentencing guidelines and applicable law.
 
 
 5
 In fact, the appellant's criminal history did alter his offense level. Because of two prior felony convictions, one for possession of marijuana with intent to distribute and one for breaking and entering, Section 4B1.1 of the sentencing guidelines mandates that the appellant be sentenced as a career offender:
 
 
 6
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 7
 At issue, perhaps, is whether or not breaking and entering is properly considered to be a "crime of violence." We find that it is. At any time during the burglary of a dwelling, the potential for violence is constant. A dwelling visited by a burglar is a place of extreme danger. Any person who might unwittingly alarm or confront the assailant stands the ground of danger upon which violence is the norm. Any crime that brings with it the potential for violent confrontation at any time during its commission is properly viewed as a crime of violence. Accordingly, Sec. 4B1.1 applies. Accord United States v. Pinto, 875 F.2d 143 (7th Cir.1989).
 
 
 8
 Further, as the following passage clarifies, the appellant was warned by the court about the consequences of career offender status, and that his past criminal activity might affect the terms of his plea agreement and ultimately the length of his sentence.
 
 
 9
 THE COURT: Now, your counsel and the government counsel have agreed to give you a two-point recommendation to take off your guidelines to come in after the determination is made of your criminal history because, frankly, they are afraid your past criminal history is going to make you fall into what is called a career criminal, a guy who has got such a record that he seems to live by crime. Do you understand that problem?
 
 
 10
 BROWN: Yes, sir.
 
 
 11
 We are satisfied that the appellant was afforded every reasonable opportunity to make an intelligent and informed decision about whether or not to enter into the plea agreement at issue here. The court did not abuse its discretion when sentencing the appellant. All further claims made by the appellant are without merit. The judgment of the district court is hereby
 
 
 12
 AFFIRMED.